McFarTjA.nd, J.,
delivered the opinion of the court.
This bill is to set up title to a tract of land by way of resulting trust.
Temperance K. Bibb had an interest in the estate of her deceased father, which was to come to her after the death of her mother; and her uncle, John Knight, bought a negro slave, sold by the heirs for distribution, and agreed, out of the price, to pay to Temperance K. Bibb her share, which was about $650.
After this, in 1846, Temperance K. Bibb married Solomon W. Smith, she being at the time twenty-eight years old.
Soon afterward, John Knight purchased of A. J. Wagner the tract of land in question, and paid, or *729 assumed to pay and afterward paid, for tbe same, $500, out of tbe sum due Temperance K. Smith, and took a deed conveying the land to Solomon W. Smith, hex-husband.
The pi-oof does not show what part Solomon W. Smith and wife took in this transaction, except that it may be inferred that they acquiesced in the arrangement, as Smith went into possession, and held and claimed the land as his own, under his deed, and no further claim seems to have been made upon Knight for the $500.
There is no proof of any agreement, or stipulation, that Smith was to hold the land in trust for his wife: in fact, there is no proof upon the subject. All that appears is as above stated.
Said Solomon W. Smith died in 1863, and said Temperance K. Smith in 1866, both without issue.
The bill was filed by tbe heix-s of Mrs. Smith against the heirs of her husband, to set up the trust.
The question is, are they entitled to relief upon the facts stated ?
We think not; for tbe reason that there is no proof going to show any stipulation between the parties, that the husband was to hold the title in trust for his wife. There is nothing in the record from which such an agreement can be inferred.
It is true that, as between strangers in blood, where one party pays the purchase money and the title is taken to another, the law will raise an implied trust in favor of the party paying the money, — nothing eke appearing.
*730 But as between husband and wife this cannot be so.
In this case, the debt due from John Knight to Mrs. Smith was one which the husband might have reduced to possession. The wife had her equity in the fund and her right of survivorship. If the husband had reduced the fund to possession upon a promise to invest in land for the wife, then, in equity, the wife could follow the fund when so invested; but a reduction to possession without such an agreement would give the husband the absolute right, and leave tho wife without remedy.
Here, it is true, the husband never had the fund in his possession; but, by an arrangement in which both husband and wife must be taken to have acquiesced, land was purchased, paid for with the money, and conveyed to the husband, without any stipulation or understanding that he was to hold it otherwise than for himself. .
If the wife had permitted the husband to collect the fund, buy land, aud take the title to bimself, without any stipulation in her favor, her right would be clearly lost.
We think the same result followed in the present case. An arrangement was made which had the same effect.
The wife acquiesced in this, neither she nor her uncle, who acted for her, exacting any stipulation, or annexing any condition, as to a trust in her favor.
The law can raise none in such a case, in the absence of any stipulation or agreement, and in the absence of fraud.
*731 We think this conclusion is fully established by many eases recently determined in this court.
The decree must be reversed, and the bill dismissed with costs.